Estate of I. C. Triplett, Sr., Deceased, by I. C. Triplett, Jr., Administrator v. Commissioner. I. C. Triplett, Jr. v. Commissioner.
Estate of I. C. Triplett v. Commissioner
Docket Nos. 24016, 24017.
United States Tax Court
1950 Tax Ct. Memo LEXIS 127; 9 T.C.M. (CCH) 684; T.C.M. (RIA) 50198; August 11, 1950
William T. Minor, Jr., Esq., 1118 Johnston Bldg., Charlotte, N.C., for the petitioners. George J. LeBlanc, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion These proceedings, consolidated for hearing, involve income tax deficiencies for the years 1943 and 1944, as follows: Deficiency
Estate of I. C.
I. C. Triplett,
Triplett, Sr.
Jr. (Doc.
Year
(Doc. No. 24016)
No. 24017)
1943
$6,272.33
$ 750.28
1944
7,699.76
3,000.82 The year 1942 is also involved by reason of the forgiveness feature of the Current Tax Payment Act of 1943. Petitioner has alleged that the respondent erred (1) in failing to recognize Oakboro Lumber Company as a valid partnership composed of I. C. Triplett, Sr., I. C. Triplett, Jr., and the wife and three daughters of I. C. Triplett, *128 Sr., and (2) in failing to recognize Triplett and Company as a valid partnership composed of I. C. Triplett, Sr., and his wife, Annie E. Triplett, and I. C. Triplett, Jr. The respondent has recognized both of the partnerships referred to above as valid partnerships for tax purposes but only as composed of I. C. Triplett, Sr., and I. C. Triplett, Jr. There are several other issues involving the deduction of losses claimed in the returns of I. C. Triplett, Sr. Findings of Fact I. C. Triplett, Sr., died a resident of Charlotte, North Carolina, on August 29, 1944. His son, I. C. Triplett, Jr., also a resident of Charlotte, was named administrator of his estate. The returns for the years involved in these proceedings were filed with the collector of internal revenue for the district of North Carolina. Oakboro Lumber Company. About 1938 I. C. Triplett, Sr., and two associates organized Oakboro Lumber Company. The company's business was purchasing rough lumber which it processed and sold in a finished state. I. C. Triplett, Sr., became its majority stockholder and president. Some time during or prior to 1941 he bought up the stock of his associates and in that year conveyed some *129 of the shares to his wife and children as gifts. On March 6, 1941, he transferred 25 shares each to his four children, I. C. Triplett, Jr., Louise Triplett, Dorothy Triplett, and Elizabeth Triplett Wilkes. He transferred to his wife, Annie E. Triplett, 50 shares on April 15 and 10 shares on December 20, 1941. Also on December 20, 1941, he transferred five shares each to his four above-named children. After these transfers I. C. Triplett, Sr., owned 90 shares, his wife 60 shares, and each of the children 30 shares of the stock. The remaining outstanding 60 shares were owned by Triplett & Company, Inc., as treasury stock until purchased by I. C. Triplett, Sr., in the latter part of 1942. From about March 15, 1941, I. C. Triplett, Jr., served as superintendent of Oakboro Lumber Company at a salary of $175 per month. Later he was made general manager also and his salary was raised to $500 a month. I. C. Triplett, Sr., served continuously as president of the company, at a salary of $4,300 in 1941. His duties were mostly advisory in nature. He devoted most of his working time to another company, Triplett & Company, Inc. In August 1942 the stockholders of Oakboro Lumber Company voted *130 to dissolve the corporation and organize a limited partnership in its stead. This action was taken on the advice of an accountant, allegedly for the purpose of strengthening the credit of the business. A limited partnership agreement was executed which provided that the interests of the partners would be in proportion to their respective stockholdings in the predecessor corporation. I. C. Triplett, Sr., owning 5/11 interest, and I. C. Triplett, Jr., owning a 1/11 interest, were designated as general partners, and also limited partners, while Annie E. Triplett, owning a 2/11 interest, and the three daughters, with a 1/11 interest each, were the limited partners. The assets of the corporation were all transferred to the partnership on September 26, 1942. A partnership agreement recited that each member's contribution consisted of their individual interests in such assets, valued as follows: Cash
$ 5,774.86
Accounts receivable
5,274.45
Land, buildings, machinery, trucks
and equipment
10,000.00
Lumber inventory
23,000.00 The partnership assumed the liabilities of the corporation, consisting of notes payable $8,500, and accounts payable $8,028.76. It was provided *131 that the partners would share in the profits and losses of the partnership in the proportion of their respective interests therein. I. C. Triplett, Sr., and I. C. Triplett, Jr., continued to serve the partnership as they had the predecessor corporation. Capital accounts and drawing accounts were set up in the partnership books for each of the partners. The Oakboro Lumber Company partnership continued in existence until the death of I. C. Triplett, Sr., on August 29, 1944. It filed information returns for the periods September 26, 1942, to December 31, 1942; January 1, 1943, to November 30, 1943; and December 1, 1943, to August 29, 1944, showing the following amounts of distributable net income: Sept. 26, 1942
Jan. 1, 1943
Dec. 1, 1943
to Dec. 31, 1942
to Nov. 30, 1943
to Aug. 29, 1944
I. C. Triplett, Sr.
$1,761.86
$8,306.67
$5,650.35
I. C. Triplett, Jr. *
1,852.37
7,157.52
5,707.57
Annie E. Triplett
704.74
3,305.72
2,341.79
Louise T. Ramsey
352.37
1,625.41
1,140.62
Elizabeth T. Wilkes
352.37
1,633.57
1,143.79
Dorothy Triplett
352.37
1,635.58
1,150.74
The partners all reported their distributive *132 shares of partnership income, as shown above, in their individual returns for the respective years. In determining the deficiencies herein the respondent recognized Oakboro Lumber Company as a valid partnership composed of I. C. Triplett, Sr., and I. C. Triplett, Jr., but determined that the other parties to the partnership agreement were not, in fact, partners and that the income reported by them as partnership income was all taxable to I. C. Triplett, Sr. For the period September 26, 1942, to August 29, 1944, Oakboro Lumber Company was a valid partnership, for tax purposes, composed of I. C. Triplett, Sr., I. C. Triplett, Jr., Annie E. Triplett, owning respective interests of 5/11, 1/11 and 2/11, Louise Triplett Ramsey, Dorothy Triplett and Elizabeth Triplett Wilkes, each owning a 1/11 interest, Triplett & Company, Inc. Triplett & Company, Inc., was a corporation organized in 1929 to buy and sell lumber in wholesale lots. I. C. Triplett, Sr., was president and treasurer of the company and majority stockholder. The records of the company indicate that it was inactive in 1936 and 1937 but was revived some time before 1940. Its books show "sales and commissions" of $1,813 in *133 1934, $37.47 in 1935, none in 1936, none in 1937, $1,595.68 in 1938, and $178.22 in 1939. Its comparative balance sheets show no assets for the years 1934 to 1939, inclusive. Capital deficits of approximately $10,000 to $11,000 are shown at the close of each of the years 1934 to 1941, inclusive. There was a profit of $7,857.65 in 1942, reducing the capital deficit at December 31, 1942, to $3,679.47. On December 31, 1942, the corporation was dissolved and was succeeded by a partnership composed of I. C. Triplett, Sr., and I. C. Triplett, Jr. The assets of the corporation were all distributed to its sole stockholder, I. C. Triplett, Sr., subject to its liabilities. The partnership was organized to carry on the same business as the corporation; that is, the purchase and sale of lumber in wholesale lots. It operated under the name of "Triplett and Company." At the time of the corporation's dissolution, I. C. Triplett, Sr., owned all of its 31 shares of outstanding stock except six shares which the company held as treasury stock. Under the partnership agreement, I. C. Triplett, Sr., was said to have contributed to the partnership the assets of Triplett & Company, Inc., in the amount *134 of $17,516.06 and liabilities in the amount of $14,985.36, making a net contribution of approximately $2,500. I. C. Triplett, Jr., was said to have contributed $1,250 cash and a like amount of accounts receivable, which were transferred to him by Triplett & Company, Inc., on December 31, 1942, in satisfaction of an indebtedness which was said to be owing to him by the corporation. One of the liabilities of the corporation was an account payable to Roberts Lumber Corporation in the amount of $7,791.95 which I. C. Triplett, Sr., had guaranteed personally. This obligation was paid by I. C. Triplett, Sr., from his personal funds and was not included in the liabilities transferred to the partnership. Under the partnership agreement the partnership was to begin business as of December 31, 1942. Neither of the partners was to receive any salary but the profits and losses of the business were to be divided equally between them. On July 1, 1943, a new partnership agreement was executed, purporting to bring Annie E. Triplett, the wife of I. C. Triplett, Sr., into the business as a limited partner. Under this agreement I. C. Triplett, Sr., and I. C. Triplett, Jr., were designated as general *135 partners as well as limited partners. The partnership profits were to be shared equally by the three limited partners. Annie E. Triplett, as a limited partner, was to be liable for partnership losses, or debts, only to the extent of her alleged capital contribution. The capital contribution of each of the partners was said to be $5,000, consisting of "the undivided interest of each partner" in certain assets and liabilities shown in schedules attached to the agreement. The assets listed consisted of cash $3,000.63, accounts receivable, apparently for lumber sold, $22,001.17, advances to lumber suppliers $4,777.13, and other lesser items, in the aggregate amount of $30,867.92. The liabilities included accounts payable $7,231.10, income tax of Triplett & Company, Inc., $1,221.06, freight $1,514.23, and monies due I. C. Triplett, Sr., and I. C. Triplett, Jr., in the respective amounts of $1,927.80 and $2,073. The limited partnership allegedly existed until the death of I. C. Triplett, Sr., August 29, 1944. The net earnings of the business, as shown by the information returns filed, amounted to $10,148.45 for the period July 1, 1943, to November 30, 1943 (the end of the fiscal year on *136 which the accounts were kept), and $35,675.72 for the period December 1, 1943, to August 29, 1944. This income was reported as distributable to the three alleged partners in equal shares. Drawing accounts were carried in the partnership books in the name of each of the three alleged partners. The account of Annie E. Triplett for the period July 1, 1943, to August 29, 1944, shows, in summary, the following charges and credits: Payment of federal income tax
$1,772.32
Payment of state income tax
193.56
Weekly allowance of $50.00 for house-
hold expense
1,950.00
One-half of principal payments on
mortgage on home held by I. C.
Triplett, Sr., and Annle E. Triplett
as tenants by the entireties
548.08
Repairs to above-mentioned property
876.52
Payments for hospitalization insurance
3,60
Total charges
$5,344.08
Less: Transfer of funds from Oakboro
Lumber Company
800.00
Net charges to account
$4,544.08 The following items which are included in the above amounts were shown in the books as originally charged to the account of I. C. Triplett, Sr., by error but later transferred to the account of Annie E. Triplett: Federal income tax
$ 201.64
State income tax
40.10
Weekly allowance for household ex-
pense
1,300.00
One-half of principal payments on
home held as tenants by the en-
tireties
548.08
Repairs to above home
781.72
Hospitalization insurance
3,60
Total
$2,875.14
*137 Upon the death of I. C. Triplett, Sr., the existing liabilities of the alleged partnership were paid off and the remaining assets were distributed to the surviving partners and heirs of the deceased partner. Thereupon, I. C. Triplett, Jr., and Annie E. Triplett formed a new partnership under the same name to continue the business. Annie E. Triplett never performed any services of any material value on behalf of the alleged partnership of Triplett and Company. I. C. Triplett, Sr., and I. C. Triplett, Jr., were the sole owners of and were equal partners in the partnership of Triplett and Company for the period July 1, 1943, to August 29, 1944. Annie E. Triplett had no interest therein and it was never the intention of the partners that she should join them as a partner in carrying on the business. North Carolina state taxes. Income taxes amounting to $775.08 were paid to the State of North Carolina by the administrator of the estate of I. C. Triplett, Sr., on March 15, 1945. This represented decedent's income tax liability to the state for the year 1944. The amount was claimed as a deduction in the federal income tax return filed on behalf of decedent for 1944 but was disallowed *138 by the respondent as a deduction for that year. The return was made on a cash basis. Medical expenses. Medical expenses and hospital bills amounting to $1,986.79 were incurred by I. C. Thiplett, Sr., in his last illness, of which $1,429.99 was paid before or at the time of his death and $556.80 thereafter. These payments were all made by the partnership of Triplett and Company and charged to the account of I. C. Triplett, Sr., except for an item of $348.80 which was paid by decedent's administrator out of the funds of his estate. In the income tax return filed on behalf of the decedent for the year ended August 29, 1944, a deduction was claimed for medical expenses for $1,250, the maximum deduction allowable to the decedent under section 23 (x), Internal Revenue Code. The Commissioner disallowed the deduction for the reason that such expenditures were not in excess of 5 per cent of the decedent's adjusted gross income for that year. Opinion LEMIRE, Judge: The principal questions in issue here are whether any members of the Triplett family other than I. C. Triplett, Sr., and I. C. Triplett, Jr., were bona fide partners in Oakboro Lumber Company and Triplett *139 and Company. The respondent has recognized that these were valid partnerships for tax purposes but has determined that I. C. Triplett, Sr., and I. C. Triplett, Jr., were the only partners and are taxable on all of the income. In Commissioner v. Culbertson, 337 U.S. 733, the Supreme Court said as to the requisites for a valid partnership: "* * * If, upon a consideration of all the facts, it is found that the partners joined together in good faith to conduct a business, having agreed that the services or capitial to be contributed presently by each is of such value to the partnership that the contribution should participate in the distribution of profits, that is sufficient. * * *" As to the Oakboro Lumber Company partnership, the question turns on whether the wife and three daughters of I. C. Triplett, Sr., were genuine stockholders of the predecessor corporation, whose assets were paid into the partnership. For if so, unquestionably, their capital contribution to the partnership of their undivided interests in the assets of the predecessor corporation were sufficient to justify their participation in the business as partners. The wife and daughters acquired their *140 stock in the corporation as gifts from I. C. Triplett, Sr. These gifts were made at different times, some as early as March 1941. There is nothing in the evidence to suggest that the gifts were not bona fide or that they were in any way connected with the formation of the partnership. That did not take place until over a year later and, so far as the evidence shows, was not even contemplated at the time the gifts of the stock were made. It is not contended that the wife or daughters contributed any vital services to the business, nor is that essential. They did all receive their distributive shares of the income which they used in any manner they saw fit. We think the evidence justifies the conclusion that the parties intended to form and did form a genuine business partnership to carry on the business of Oakboro Lumber Company, and that each of the partners is taxable on his or her share of the partnership income in accordance with their partnership agreement. As to Triplett and Company, the facts present a different picture. That was a partnership composed of I. C. Triplett, Sr., and I. C. Triplett, Jr., as equal partners. The former was in charge of the Charlotte office and *141 the latter the office at Lenoir, North Carolina. They both contributed capital and services and operated the business as equal partners for the first six months of 1943. On July 1, 1943, they executed a new partnership agreement which purported to make Annie E. Triplett a limited partner with a one-third interest in the business. She claims to have made a capital contribution equal to that of the other partners, consisting of a one-third interest in the net assets of the existing partnership. The evidence is by no means clear as to just how she acquired this interest in the partnership assets. She testified that she understood that her husband was giving her a $5,000 interest in the business. On brief petitioner makes the following argument.. "* * * After the first six months of operation the partners desired to increase the capital of the partnership from $5,000 to $15,000 in order to obtain larger lines of credit. I. C. Triplett, Jr. could raise only $2,500 and I. C. Triplett, Sr. could raise $7,500. It was agreed that a new partnership should be formed and that Annie E. Triplett, wife of I. C. Triplett and mother of I. C. Triplett, Jr., should be a third partner and that each *142 partner should invest $5,000 in the partnership's capital. Annie E. Triplett had over $7,000 to her credit in Oakboro Lumber Company, A Partnership but she did not draw on those funds because I. C. Triplett, Sr. gave her $5,000 by gift. I. C. Triplett did not give Annie E. Triplett a check for $5,000 as he did not consider that necessary. He transferred $5,000 from his account in the old Triplett and Company partnership which was dissolved to her account in the new. "Petitioner submitted evidence that the $5,000 gift was made by I. C. Triplett, Sr. to Annie E. Triplett to increase her estate and allow her to invest the gift and obtain an income thereon. He wanted her a partner, according to testimony, so that I. C. Triplett, Jr., would not hold a majority interest in the assets of Triplett and Company, in the event of his death." Thus, while it is claimed that Annie E. Triplett was made a partner in order to bring needed additional capital which the other partners did not have, it is admitted that the capital which she allegedly contributed was given to her by her husband at that time and for that purpose. The fact that she may have had funds of her own in Oakboro Lumber Company, *143 or elsewhere, which she could have contributed to the partnership is beside the point. She does not claim to have contributed or to have promised to contribute anything more than the substance of the alleged gift from her husband. There is no evidence as to just when or how this gift was completed. It is not shown that I. C. Triplett, Sr., gave her any assignment, bill of sale, or other writing evidencing a transfer of any interest in the assets. No explanation is given either of how I. C. Triplett, Sr., could have given her a one-third interest in the business and retained a one-third interest for himself, when, supposedly, he owned only a one-half interest in the business. The partnership was operated and controlled entirely by I. C. Triplett, Sr., and I. C. Triplett, Jr. Annie E. Triplett did not participate in any capacity at any time. While a drawing account was set up in the books in her name, an analysis of the account shows that most of the withdrawals were for taxes, payments on the mortgage and for repairs on the home which she and I. C. Triplett, Sr., owned as tenants by the entireties, and a weekly allowance of $50 for "household expenses." These were all expenditures *144 which ordinarily would have been taken care of by I. C. Triplett, Sr. The attempt to make Annie E. Triplett a partner served no business purpose and resulted in no change in the business economically or otherwise, except to spread the tax burden on the profits among the immediate family group. We have found as a fact that the parties did not intend that Annie E. Triplett should join as a partner in the business of Triplett and Company. We think that the Commissioner did not err in holding the income of Triplett and Company taxable to I. C. Triplett, Sr., and I. C. Triplett, Jr., as equal partners. A deduction of $3,648.77 was claimed in the return of I. C. Triplett, Sr., for 1942 as a long-term capital loss on his stock in Triplett & Company, Inc., which was liquidated on December 31, 1942. It is now contended that the amount of such loss was $4,790.74, comprising the $2,500 originally paid for the stock, plus $2,290.74, representing the amount of the liabilities of the corporation which decedent had to pay upon its liquidation. The respondent contends, and he has so determined, that decedent did not sustain a loss of any kind on the liquidation of Triplett & Company, Inc., in *145 1942 since the stock had no value at the beginning of or at any time during that year. On the evidence before us we must sustain respondent's determination. The company had been insolvent for many years prior to 1942. Apparently, it was entirely inactive for several years prior to the time of its revival, which occurred in 1939 or 1940. It had no assets and no business of any consequence in those prior years. Its principal liabilities consisted of franchise taxes and a note due Roberts Lumber Corporation, on which interest accrued periodically. Petitioner argues that notwithstanding these facts the stock had value at all times prior to the dissolution of the corporation due to the good will that was not carried as an asset on its books. There is no evidence whatever in the record before us of any good will value. Petitioner argues further that the company was not insolvent because I. C. Triplett, Sr., had personally guaranteed the Roberts Lumber Corporation note and no demand had been made on the company for its payment. Those matters, of course, have nothing to do with the solvency of the company. On the evidence before us, we must sustain respondent's determination that the *146 stock of Triplett & Company, Inc., did not become worthless during the taxable year 1942 and that I. C. Triplett, Sr., as sole stockholder, did not sustain any loss on the liquidation of the company in that year. The remaining issues grow out of respondent's refusal to allow the deduction in the final income tax return filed on behalf of I. C. Triplett, Sr., deceased, of certain medical expenses, some of which were paid before and some after the date of his death, and state income taxes which were paid after his death. No deduction is allowable under section 23, Internal Revenue Code, in decedent's final income tax return, which was made on a cash basis, of either medical expenses or taxes paid by the administrator of his estate after his death. These deductions are allowable, if at all, to the estate. The medical expenses paid by the decedent during his lifetime will be allowed subject to the limitations prescribed by section 23 (x) and based upon decedent's net income as computed in accordance with this opinion. Decisions will be entered under Rule 50. Footnotes
*. Includes compensation.↩